Filed 7/16/13  In re D.M. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re D. M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D. M.,<br><br>        Defendant and Appellant. | A138193<br><br>(Contra Costa County<br>Super. Ct. No. J07-01949) |

D. M. appeals from an order declaring him a ward of the juvenile court and placing him on probation in his mother's home.  His counsel raises no issues and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was apprised of his right to file a supplemental brief but did not do so.

On November 13, 2007, a Welfare and Institutions Code[1] section 602 petition was filed charging defendant, then age 13, with attempted second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c) & 664).  The charges stemmed from an incident in which defendant and two co-participants attempted to take an iPod from a 13-year-old boy.  The court adjudged defendant a ward of the court and placed him on home supervision.

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

1

Defendant violated the home supervision program by being suspended from school for fighting. The court again ordered him released to his mother's home and placed him on electronic monitoring. Defendant subsequently tested positive for marijuana and was again suspended from school for physically interfering with a teacher who was trying to stop a fight. On February 2, 2009, the court ordered defendant committed to the Orin Allen Youth Rehabilitation Facility (OAYRF) for six months. He was removed from OAYRF in April 2009, following a fight with another resident. Defendant admitted the probation violation on May 6, 2009 and was again committed to the OAYRF. He successfully completed the OAYRF program in August 2009.

Defendant, however, continued to violate probation and commit offenses resulting in a supplemental section 602 petition being filed in March 2010 alleging that defendant, a minor, possessed ammunition (§ 777; Pen. Code, § 12101, subd. (b)). Defendant admitted the allegations of the supplemental petition and was ordered released to his mother on electronic monitoring.

In May 2010, the court found defendant in violation of probation for being tardy to school, missing classes, and being suspended. The court again ordered defendant released to his mother on electronic monitoring.

A second supplemental petition was filed on November 23, 2010 alleging that defendant committed burglary, receiving stolen property, possession of marijuana, and vandalism. The court sustained the allegations as to the receiving stolen property and vandalism counts. The court ordered defendant detained in juvenile hall pending a placement in the OAYRF program.

In December 2011, after his release from the OAYRF, defendant violated the terms of his probation. Defendant admitted the violation and was ordered released to his mother on electronic monitoring. Defendant violated probation again in January 2012 by smoking marijuana. The court again released defendant on electronic monitoring.

On May 25, 2012, a third supplemental petition was filed alleging that defendant committed first degree residential burglary in December 2011. The matter was continued for several months. In September 2013, defendant requested a continuance to conduct

2

further investigation and prepare for the contested jurisdictional hearing. The court granted the continuance to October 23, 2012. In October 2012, defendant requested another continuance because certain discovery had not yet been provided. The court granted the request and the matter was thereafter continued an additional three times.

On March 7, 2013, defendant moved to suppress a pre-trial identification and to exclude any courtroom identification by the same witness. He argued that the "in-field showup" identification of defendant was impermissibly suggestive. The court denied the motion. It found that the police admonished the witness before the show up and made no suggestive remarks, and that the pretrial identification did not violate defendant's constitutional rights.

The contested jurisdictional hearing was held on March 7 and 8, 2013. The evidence showed that Marianne Hill was living on South Wildwood in Hercules on December 19, 2011. At approximately 2:15 p.m., she was on her patio and saw defendant come out of the back patio of her neighbor's house carrying a flat screen television set and then go back into the house. Hill was able to see defendant's face for less than a minute. Hill called 911 and gave the dispatcher a description of the suspect. Hill identified defendant both at the police station about six weeks after the burglary and at trial.

George Weissflog testified that he lived at 140 South Wildwood in Hercules on December 19, 2011. He was not home at approximately 2:15 p.m. on December 19 and had locked all of the doors to his residence before leaving. When he returned home at 3:00 p.m. or 4:00 p.m., he saw that the front door had been kicked in and that his place was in shambles. His loveseat was upside down, there were cushions everywhere, his television set was on the floor, and his bedroom dresser drawers were open. Nothing, however, was missing from his home. Weissflog did not know defendant and had not given him permission to enter his home.

Officer Edward Li responded to the scene and found that the doorjamb of the front door was damaged, that the rooms in the residence had been ransacked, and that a television set was lying on the floor near the sliding patio door.

The juvenile court sustained the petition finding that defendant committed a first degree residential burglary.

The dispositional hearing was held on March 21, 2013, approximately 15 months after the burglary. The probation report noted that since the incident, defendant had graduated from high school, earned a welding certificate, and was currently attending classes at Berkeley City College. He had also maintained employment for the past eight months. In addition, defendant had not sustained any probation violations or been arrested during the past year. The court recognized that defendant had made strides over the past 15 months and that he was capable of pursuing a successful career. The court adjudged defendant a ward of the court, but released him from juvenile hall and placed him on the home supervision program for 60 days on conditions including that he complete 60 hours of community service by September 30, 2013.

Defendant was represented by counsel and received a fair hearing. Substantial evidence supports the court's findings. There was no error in the disposition. There are no meritorious issues to be argued.

The dispositional order is affirmed.

_____
Rivera, J.

We concur:

_____
Reardon, Acting P.J.

_____
Humes, J.

4